Filed 10/15/14  P. v. Estrada CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ALEXANDER ESTRADA,<br><br>        Defendant and Appellant. | B255311<br><br>(Los Angeles County<br>Super. Ct. No. YA088554) |

        APPEAL from a judgment of the Superior Court of the County of Los Angeles, Scott T. Millington, Judge.  Affirmed.

        California Appellate Project, Jonathan B. Steiner, Executive Director and Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance by Plaintiff and Respondent.

**INTRODUCTION**

Defendant and appellant Alexander Estrada (defendant) appealed from the judgment of conviction. On appeal, appointed counsel for defendant filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting that this court conduct an independent review of the record to determine if there are any issues, which if resolved in defendant's favor would require reversal or modification of the judgment or appealable order. On August 22, 2014, we gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider. Defendant did not file a response brief or letter. After independently reviewing the record, we affirm the judgment.

**BACKGROUND**

**A.     Factual Background**

Eric Gomez returned to his home in Los Angeles to find defendant and a woman coming from his backyard by the garage pushing bicycles; the woman was wearing a backpack. At the time, Gomez's house was under construction, and he was using his garage to store clothing and tools. When Gomez confronted the defendant and the woman, they said they had been smoking, and defendant showed Gomez a pipe. Defendant was carrying a bag that belonged to Gomez. The bag was open and Gomez could see one of his tools—a grinding tool—inside the bag. The bag had been kept in Gomez's garage, and the grinding tool had been on the back porch of his house.

Gomez told defendant that the bag belonged to him. Defendant responded by repeating his assertion that he had just been smoking, and he lifted his shirt. Gomez became fearful, moved away from defendant, and called the police. Defendant, still carrying the bag, rode off on his bicycle.

2

About 45 minutes after Gomez's encounter with defendant, the police apprehended defendant on a rooftop about three blocks south of Gomez's residence. Two bottles of beer, a bottle of wine, a pair of pliers, and several bolt cutters were recovered from a backpack on the rooftop where defendant was located.

The female suspect was apprehended at a different location; in her purse and in her pockets she had some costume jewelry and belt buckles. The grinding tool was never recovered.

A police officer responded to the burglary call and spoke with Gomez. Gomez identified as belonging to him the coins, the beer and wine bottles and the belt buckles.

### B.     Procedural Background

The District Attorney of Los Angeles County filed an information charging defendant with burglary in violation of Penal Code section 459. The District Attorney also alleged that defendant had two strike prior convictions under Penal Code section 667, subdivisions (b) through (j), and three prior prison term convictions under Penal Code section 667.5, subdivision (b).

Before trial, the trial court denied defendant's motion to strike the priors made pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. Following trial, the jury found defendant guilty of second degree burglary. Defendant admitted the two prior strike convictions and the three prior prison term convictions, reserving the right to challenge whether he had been properly advised of his rights as to those prior convictions.

For a second time, the trial court denied defendant's motion made under *Romero, supra,* 13 Cal.4th 497. The trial court sentenced defendant to state prison for a term of seven years, consisting of the upper term of three years for second degree burglary, doubled for one of the strike convictions, plus one year for one of the prior prison term conviction; probation was terminated on all outstanding cases. Defendant timely appealed the judgment of conviction.

## DISCUSSION

We have made an independent examination of the entire record to determine if there are any other arguable issues on appeal. Based on that review, we have determined that there are no arguable issues on appeal. We are therefore satisfied that defendant's counsel has fully complied with her responsibilities under *People v. Wende*, *supra*, 25 Cal.3d 436.

## DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, J.


We concur:



TURNER, P. J.



GOODMAN, J.[*]

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.